FAT COPELAND v. THE STATE.

No. 8291.    Decided June 18, 1924.

1.—Vagrancy—Evidence—Hearsay—Reputation.

Upon trial of vagrancy testimony of witnesses that from what they had heard they were of the opinion that the reputation of defendant's home was that of a place where intoxicating liquor was sold, was inadmissible.

2.—Same—Evidence—Reputation.

Upon trial of vagrancy testimony of the deputy sheriff that appellant lived in Breckenridge, Texas, prior to September, 1922, and had the reputation of being a loafer and a bootlegger, was inadmissible.

3.—Same—Evidence—Bill of Exceptions.

Upon trial of vagrancy testimony of a conversation had by the State's witness with appellant in which the latter stated that during the first week in April, 1923, he had sold intoxicating liquor, but that he had quit and did not intend selling any more, was inadmissible.

4.—Same—Evidence—House of Prostitution.

Where appellant was not charged with vagrancy predicated on his association with prostitutes, testimony as to the reputation of a certain bawdy house was inadmissible.

Appeal from the County Court of Young. Tried below before the Honorable W. H. Reeves.

Appeal from a conviction of vagrancy; penalty, a fine of $50.00.

The opinion states the case.

*Binkley & Binkley,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court of Young County of vagrancy, and his punishment fixed at a fine of $50.00.

The complaint and information contain four counts, the first charging that appellant was a vagrant, a person leading an idle, immoral and profligate life, and had no property and was able to work and did not work. The second count charged that appellant was a person able to work and did not work, and that he had no property for his own personal support and no visible and known means of making a fair and reputable livelihood. The third count charged that appellant was a vagrant and an able bodied person then and there living without employment or labor and without having any visible means of support. The fourth charged that appellant was a vagrant in that he sold to persons unknown vinous, alcoholic, malt and spirituous liquors. On the trial appellant reserved four bills of exception complaining of objectionable testimony. The first presents his objection to testimony of witnesses to the fact that from what they had heard in and around Oil City they were of the opinion that the reputation of defendant's home was that of a place where intoxicating liquor was sold. This testimony was objectionable. The fact that one sells intoxicating liquor cannot be proven by showing the reputation of his home.

Another bill complains that a deputy sheriff was permitted to testify that appellant lived in Breckenridge, Texas, prior to September 1922 and had the reputation of being a loafer and bootlegger. Appellant was charged with being a vagrant during the period extending from May 23rd to June 12, 1923. The evidence just mentioned was too remote and also inadmissible because it shed no light upon any issue involved in the instant case. Appellant's reputation prior to September 1923 in Breckenridge, Stephens county, could serve no legitimate purpose as affecting any charge involved in any of the four counts mentioned in the complaint charging appellant with vagrancy in Young county in the spring of 1923.

Another bill of exceptions complains of the fact that the State was permitted to introduce in evidence a conversation had by a witness with appellant in which the latter stated during the first week in April 1923 that he had sold intoxicating liquor but that he had quit and did not intend selling any more. This conversation ocurred some six weeks before the beginning date of the period alleged as that in which appellant was a vagrant. It referred to some transactions had by appellant at some time prior thereto, the date not being mentioned. Such conversation could shed no light on the status of appellant during the period in which he is charged with being a vagrant. It should not have been allowed to go before the jury.

By another witness proof was offered of the fact that the Liberty Rooming House where appellant was sometimes seen had the repu-

tation of being a bawdy house and one where prostitutes resided, and that the woman who kept said house had paid a vagrancy fine. Appellant was not charged with vagrancy predicated on his association with prostitutes and the testimony in question was inadmissible.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*